IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| PAM TOUCHARD | PLAINTIFF |
| V. | CAUSE#: 1:21-cv-168 TBM-RPM |
| GEORGE COUNTY MISSISSIPPI SCHOOL DISTRICT | |
| AND JOHN DOES 1-10 | DEFENDANTS |

**COMPLAINT**

**THE PLAINTIFF DEMANDS A TRIAL BY JURY**

Plaintiff, Pam Touchard (hereinafter Plaintiff) brings this suit against the Defendants, George County Mississippi School District and John Does 1-10 and in support thereof states as follows:

**PARTIES**

1. Plaintiff Pam Touchard is an adult resident of the United States of America and the State of Mississippi wherein at all times material to this Complaint she resided in Mississippi. The infliction of the named actions on Pam Touchard were performed in George County, Mississippi.

2. The Defendant George County Mississippi School District (hereinafter may be referred to as District) is at all times material hereto. This Defendant was comprised of a George County Mississippi School Board (hereinafter may be referred to as Board) acting for and on behalf of the George County Mississippi School District vested with the broad authority and responsibility to hire, train supervise, set policies and procedures, enforce policies and procedures adopted or otherwise implemented and to provide protections to the citizens and enrolled students within the District and employees of that District including Pam Touchard. The Defendant may be served through the George County Mississippi Superintendent of Education at 5152 Main Street, Lucedale, MS 39452 and The George County Mississippi Chancery Clerk at 355 Cox Street, Lucedale, MS 39452.

3. Fictional Defendants, John Does 1-10, are District personnel, officers, or other persons who may be identified in discovery.

4. When the word Defendants is used herein, it is meant to refer to all real and fictitious Defendants mentioned in the style of the Complaint.

**VENUE AND JURISDICTION**

5. Venue and Jurisdiction is proper in this Court as all acts or omissions complained of in this Complaint arose and occurred in George County, Mississippi and this Court has original jurisdiction over the subject matter of this action and the amount in controversy exceeds its jurisdictional minimum threshold.

**FACTS**

6. Pam Touchard was the duly elected Superintendent of Schools in George County, Mississippi and occupied the office from January 1, 2016 until December 31, 2019. This was the last election held for the office of Superintendent as state law discontinued elections for the office statewide and appointment power was given to the local Board thereafter to appoint the Superintendent.

7. After her election to the office of Superintendent, the salary of Superintendent was lowered by the local Board in December, 2015 prior to Touchard entering office. The lower salary continued through the entirety of Touchard's term in office.

8. When a new Superintendent was appointed by the local Board to commence in 2020, the Board again met in December, 2019 and raised the salary for the incoming person. It is believed actions by the Board during the term of Touchard groomed the incoming Superintendent who was viewed by the Board as more favorable than she for the job, which was evident from the salary increase.

9. During her term in office, it is believed the Board hired a CPA that would oversee accountings for particular High School and other projects to remove those from the direct immediate review by Touchard.

10. During her term in office the Board also took the unusual step of hiring an Assistant Superintendent, without the approval of Touchard, to oversee and monitor activities at the High School level. It is believed this was in order to deter Touchard from intruding on activities that were occurring at the George County High School. The Board used their wide authority to keep Touchard from high school activities that she would normally have been duty bound to participate in concerning discipline, accounting, and monitoring of all daily activities.

11. Superintendent Touchard knew she did not have working approval of the Board upon her election. It was with the hiring of the additional personnel that Touchard began to investigate and then become concerned that improper activities were occurring, especially at the High School level.

12. The School District had a High School Graduation rate that was exceptional within the public school system in Mississippi for the 2018/2019 school year. Students are required to pass certain test in skill areas designated by the Mississippi Department of Education to give individual students enough credits before being able to 'walk for graduation.' After receiving concerns from within the school, Touchard began to investigate the alleged rumors as to testing procedures.

13. It was thereafter that Touchard discovered 'high performing' students were and had been recruited, propositioned or forced through authoritarian demands of the High School administration, to take the required test for some students that did not perform well on test. These test scores were needed by those students to 'walk for graduation' in order to graduate from the District. This system was reported by Touchard to the Mississippi Department of Education who commenced an investigation that is ongoing. It is believed the first report of the Mississippi Department of Education was issued November, 2020, which evidenced the actions that had occurred at the District High School and is further believed that such investigations are ongoing.

14. Further, Touchard began to become concerned about financial dealings within the District that she believed were missing cash funds, fraudulent invoices and possible prohibited acts to provide services. Touchard was effectively side-tracked in her investigations that would lead to uncover improper activities within the school district.

15. Since leaving office Touchard has been effectively banned from the premises. She has applied for employment within the district, on any basis, but has been denied.

16. Pam Touchard's reputation within the community has been tarnished by the Board actions believed by her to be for her investigation into improper activities within the District.

**CONSTITUTIONAL FIRST AMENDMENT VIOLATIONS**

17. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

18. At all times material hereto, these Defendants, named and unnamed, and their agents, representatives, and employees acted pursuant to policies, regulations, and decisions officially adopted or promulgate by those persons whose acts may fairly be said to represent official policy of or were pursuant to a governmental custom, usage or practice of these Defendants and their agents, representatives, and employees.

19. The Defendants violated Plaintiff's First Amendment Rights by the misuse of the power entrusted to them as officers of the District. As a direct and proximate consequence of these Defendant's aforementioned conduct, wherein such Defendants deprived Pam Touchard of the aforementioned rights guaranteed by the Constitution of the United States, she suffered humiliation, degradation, and severe emotional and mental anguish and distress. Thuse, these Defendants, both named and unnamed are jointly and severally liable for the deprivation of Pam Touchard's constitutional rights as outlined herein.

20. The Plaintiff has experienced a violation of her 1st Amendment freedoms as her actions within her job duties were thwarted and denied to her detriment and also those of the public within the District. Such has occurred through retaliatory actions of the District Board using their broad authority to limit access and speech without repercussions to be experienced by the Plaintiff.

21. There is no probable cause for any action by the Board through its authority to limit the exercise of duty and freedom to exercise her duties other than to improperly protect that which the District did not want revealed to the public.

22. Her job duties were severely narrowed and anticipated financial incentives and pay lessened.

23. She faced an unreasonably and unusually inferior work environment, that even though elected, could not be overcome due to limitations placed on her and the office by the governing authority of the District, the Board.

24. The investigation and ultimate confirmation of wrong doing was her duty to perform and those actions were attempted to be quelled by the Board.

25. It is clear from the actions of the Board that they never expected (and, in fact, did their best to avoid) the Plaintiff from raising the herein concerns.  The Plaintiff was terminated because she refused to stay quiet and, instead, reported serious breaches of educational law and protocol including, but not limited to, cheating on testing.  When the Plaintiff refused to discontinue her investigation into the matters and, further, when she blew the whistle on such by reporting the issue(s) directly to the Mississippi Department of Education (hereinafter "MDE"), implicit, at the very least, in the Defendants' ongoing, that time, and current retaliation was their disapproval of the Plaintiff's refusal to retract her truthful statements and, otherwise, make the investigations go away, i.e., make statements that were false or, otherwise misleading.

26. The herein Defendants' actions were retaliation against the Plaintiff for truthfully reporting the violative, and illegal, nature of the totality of the environment at George County High School.  The very basic and adequate function of the educational system relies on employees, elected or otherwise, such as the herein Plaintiff, truthful testimony; the Plaintiff's herein speech was (is) citizen speech.  While the Plaintiff only had the herein involved special knowledge due to her employment by the Defendant(s), the speech was not even indirectly related to her job, and her reporting the barred activities was to MDE, not higher-ups in the school organization.  The Plaintiff's concerns had nothing to do with the Plaintiff's job duties, but everything to do with the prevailing organizational rot as a result of District-wide conspiracy to inflate test passage rates, graduation rates, and other similar all-important metrics.  The Plaintiff's efforts to rid the District of said corruption were extraordinary and, despite the findings of MDE substantiating the Plaintiff's claims, have resulted in the Plaintiff being ostracized and, more-or-less banished, from the education profession.

## NEGLIGENCE, MALICE AND CONSPIRACY

27. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

28. At all times material hereto, these Defendants, named and unnamed, and their agents, representatives, and employees acted pursuant to policies, regulations, and decisions officially adopted or promulgate by those persons whose acts may fairly be said to represent official policy of or were pursuant to a governmental custom, usage or practice of these Defendants and their agents, representatives, and employees.

## CIVIL CONSPIRACY

29. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

30. At all times material hereto, these Defendants, named and unnamed, and their agents, representatives, and employees acted pursuant to policies, regulations, and decisions officially adopted or promulgate by those persons whose acts may fairly be said to represent official policy of or were pursuant to a governmental custom, usage or practice of these Defendants and their agents, representatives, and employees.

31. Pam Touchard's non-acceptance of and further investigation of those improper activities limited her income from being addressed by the Board. Touchard refused to turn a blind eye to actions taking place within the District and refused to participate in improper actions that were historically occurring and therefore is not barred from bringing an action in tort for damages against her former employer.

32. Neither is reporting improper acts of her former employer, the District, a bar to bringing action in tort for damages as outlined herein as all these activities affected the general public from which she was elected to serve.

## THE COMMON LAW TORT OF OUTRAGE

33. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

34. The Defendants overall conduct on the dates in question was so outrageous that it shocks the moral and legal conscious of the community.

## NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

35. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

36. The manner, method and design of the Defendants' conduct caused Plaintiff to endure emotional and mental distress and anguish to this present day and in her future.

37. As a direct and proximate consequence of the outrageous conduct of the aforementioned Defendants, both known and unknown, the Defendants are jointly and severally liable to the Plaintiff for the negligent and intentional infliction of emotional distress and mental anguish inflicted on Plaintiff and with which she is still living. At all times material to this Complaint, the Defendants acted with wanton judgment against the Defendants who engaged in or contributed to or otherwise facilitated through their acts of omission or commission such outrageous conduct perpetrated on Plaintiff.

**PLAINTIFF'S REQUEST FOR JURY TRIAL**

38. Plaintiff prays a trial by jury on all issues.

**PRAYER FOR RELIEF**

39. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for the following relief:

   a. Permanent emotional injury;
   b. Pain and suffering;
   c. Economic damages;
   d. Out of pocket expenses;
   e. Loss of enjoyment of life;
   f. Past, present and future emotional distress and mental anguish;
   g. Court costs;
   h. Pre and post judgment interest;
   i. Attorney's fees
   j. All other damages of every kind to the Plaintiff to which she is entitled by law;
   k. All damages shown by the evidence introduced in this case, including compensatory damages and punitive damages to deter the George County Mississippi School District and its officials from exhibiting, conducting and continuing to use such actions as described herein upon persons within the school district.
   l. Any whistleblower action she may have uncovered resulting in federal funds to the District.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays that at the end of the appropriate legal time, that the following should occur;

   1. The Defendants be served with a copy of this Complaint;
   2. The Defendants be required to file a written answer as called for by the Rules of Civil Procedure;
   3. The Plaintiff be awarded, after a trial by jury, a judgment for actual damages, compensatory and punitive against the Defendants in the amount that the evidence would show and a jury will determine; and
   4. Any and all other legal and/or equitable relief the evidence would show and a jury will allow.

THIS the 16th day of May, 2021.

RESPECTFULLY SUBMITTED,

/s/ Bobby Moak

**Pam Touchard by and through counsel Bobby Moak**


**Bobby Moak**

**P. O. Box 242**

**Bogue Chitto, MS 39629**

**(601) 734-2566 (telephone)**

**(601) 734-2563 (fax)**

[Bobbymoak402@att.net](Bobbymoak402@att.net)

**MSB # 9915**

**Jared F. Evans MSB#: 105809**
**Jared F. Evans Law, PLLC**
**318 East Broad Street**
**Post Office Box 1636**
**Monticello, MS 39654**
**601-320-4606**
**601-300-2953 (Fax)**